IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIANNA DANIELSEN, | : | 4:13-CV-02927 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | |
| PENNSYLVANIA COLLEGE OF | : | |
| TECHNOLOGY, COMMUNITY | : | |
| ARTS CENTER, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
October 9, 2014

Defendants, Pennsylvania College of Technology and Community Arts Center[1], filed a Motion to Dismiss Plaintiff's Complaint for failure to plead exhaustion of administrative remedies under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA") and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)[2]. In the alternative, they move for a more

---

[1] Defendants claim that Plaintiff incorrectly named her former employer as "Community Arts Center" in her Amended Complaint and they further allege that the true name of her employer is Pennsylvania College of Technology Community Arts Center, Inc.

[2] In their Motion to Dismiss, Defendants merely refer to Federal Rule of Civil Procedure 12. Therefore, based on the cases cited in their brief, the Court has inferred that Defendants have filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

definite statement under Federal Rule of Civil Procedure 12(e). Plaintiff's Complaint, filed December 4, 2013, seeks redress for Defendants' alleged violation of the ADEA, 29 U.S.C. § 623 and the PHRA, 43 P.S. § 953. For the reasons discussed, Defendants' Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice with leave to amend in accordance with the Court's decision.

**I. BACKGROUND:**

On December 4, 2013, Plaintiff Marianna Danielsen initiated the above-captioned civil action by filing a Complaint with this Court alleging that she was unlawfully discriminated against based on her age. (ECF No. 1) Plaintiff was employed by both of the Defendants as a Box Office Manager for more than 5 years[3]. On February 14, 2012, when she was 42 years old, Plaintiff was terminated from her position with Defendants; at the time, Defendants told her that her termination was a result of budget issues. Defendants later hired a younger employee with less experience to fill the vacancy left by Plaintiff's termination, leading Plaintiff to believe that she was terminated because of her age. As a result of this adverse employment action, Plaintiff alleges that she lost wages, the tuition

---

[3] As discussed in the following sections, Plaintiff takes the position that both Defendants are on in the same entity and therefore she considers both to be her employer.

benefit program for her children, and other fringe benefits.

In her Complaint, Plaintiff asserts two claims against both Defendants. Count I is a claim of age discrimination in violation of the ADEA, and Count II is a claim of age discrimination in violation of the PHRA.

On February 6, 2014, Defendants jointly filed a Motion to Dismiss Plaintiff's Complaint, along with a supporting brief. (ECF Nos. 9 and 10). Defendants argue first that Plaintiff's Complaint should be dismissed because she failed to plead exhaustion of administrative remedies, a prerequisite to filing under both the ADEA and the PHRA. Defendants further argue that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Finally, in the event the Court rules against their Motion to Dismiss, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e).

## II. DISCUSSION:

### A. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d

Cir. 1993). However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. *Kost*, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading." *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa.

May 5, 2008) (Lancaster, J.). Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 554 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. *See Hellmann*, 2008 WL 1969311 at *3. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id*. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a

claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327.

**B. Failure to Plead Exhaustion of Administrative Remedies**

Defendants first request that the Court dismiss Plaintiff's Complaint for failure to plead exhaustion of administrative remedies under both the ADEA and the PHRA. (ECF No. 10). For her part, Plaintiff claims in her Brief in Opposition to Defendants' Motion to Dismiss (ECF No. 12) that she has exhausted her administrative remedies under the PHRA by filing a complaint with the Pennsylvania Human Relations Commission; however, she is conspicuously silent regarding the steps she has taken pursuant to the administrative requirements of the ADEA.

A plaintiff seeking relief under the ADEA must first exhaust his or her administrative remedies. 29 U.S.C. § 626(d); *see Seredinski v. Clifton Precision Prods. Co., Div. of Litton Sys., Inc.*, 776 F.2d 56, 64 (3d Cir. 1985). Section 626(d) requires that a plaintiff in Pennsylvania, which has a state agency with authority to investigate claims of employment discrimination, file charges with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged unlawful practice occurred. 29 U.S.C. §§ 626(d)(2) & 633(b); *see Hildebrand v. Allegheny County*, 757 F.3d 99, 111 (3d Cir. 2014). This obligation

is a condition precedent to filing suit under the ADEA and must be pled in the plaintiff's complaint. *See id* at 111-12.  The pleading of a condition precedent to the initiation of a lawsuit is governed by Federal Rule of Procedure 9(c), which states in pertinent part, "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

Similarly, in order to proceed with a claim under the PHRA, the complainant must first file a complaint with the PHRC within 180 days after the alleged discriminatory act occurred.  43 Pa.S. §§ 959(a), 962; *see Woodson v. Scott Paper Co.*, 109 F.3d 913, 924 (3d Cir. 1997); *Lantz v. Hosp. of Univ. of Pa.*, No. 96-2671, 1996 WL 442795, at *3 (E.D.Pa. July 30, 1996).  In order to proceed with her claim in court, a plaintiff must plead exhaustion of these requirements; "[f]ailure to exhaust remedies under the PHRA would preclude [the] court from exercising jurisdiction over a claim for violation of the PHRA." *Lantz*, 1996 WL 442795, at *3.

In this case, Plaintiff has failed entirely to plead an exhaustion of administrative remedies under both the ADEA and the PHRA.  As a mandatory condition precedent, Plaintiff's Complaint therefore fails to meet the jurisdictional requirements necessary to file a claim in this Court.

## C. Failure to State a Claim

Defendants next allege that Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 10). They claim that Plaintiff has failed to assert a claim because her complaint contains little more than conclusory legal allegations which merely recite the basic legal elements of an age discrimination claim. (ECF No. 10).

The ADEA prohibits employers from discriminating against individuals in hiring, discharge, compensation, term, conditions, or privilege of employment because of their age. 29 U.S.C. § 623(a)(1). Age discrimination may be established by either direct or indirect evidence. *See Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 167 (3d Cir. 2001) (*citing Connors v. Chrysler Fin. Corp.* 160 F.3d 971, 972 (3d Cir. 1998)). When evaluating a claim based on indirect evidence, a plaintiff may establish a prima facie case of age discrimination by demonstrating that: (1) the plaintiff is forty years of age or over; (2) she is qualified for the position in question; (3) she suffered an adverse employment action; and (4) she was ultimately replaced by a person sufficiently younger to permit an inference of age discrimination. *See id.* The elements of an age discrimination claim under the PHRA are analogous to those under the ADEA. *See Fasold v. Justice*, 409

F.3d 178, 183-84 (3d Cir. 2005).

In the case at bar, Plaintiff has not pled a plausible claim under either the ADEA and the PHRA. Though she has alleged that she is over forty years or age, she has suffered an adverse employment action and she was replaced by a younger employee, she has failed to allege that she was qualified for the position in question, the second element of an age discrimination claim. Merely saying that the younger individual hired to replace Plaintiff had less experience is insufficient to imply that Plaintiff herself was qualified for the position. Therefore, as a matter of law, Plaintiff fails to plead a cause of action under both the ADEA and the PHRA.

**D.  Rule 12(e) Motion for More Definite Statement**

Finally, Defendants move for a more definite statement under Federal Rule of Civil Procedure 12(e). They claim that Plaintiff's Complaint is insufficiently specific as a matter of law because Plaintiff has named two defendants in its caption but references only a single defendant within the body of her Complaint, and because Plaintiff fails to separate her ADEA and PHRA claims into separate counts. Defendants argue that these deficiencies make Plaintiff's Complaint so vague and ambiguous such that they cannot reasonably prepare a response because they are "unable to determine the basis for liability being asserted against each

defendant." (ECF No. 10).

Federal Rule of Civil Procedure 12(e) allows for a party to move for a more definite statement in the rare case where the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Pro. 12(e); *see Schaedler v. Reading Eagle Publication, Inc.*, 370 F.2d 795, 797 (3d Cir. 1957). Furthermore, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. Pro. 10(b).

The Court is unpersuaded that Plaintiff's pleading is "so vague or ambiguous" as to prevent Defendants from understanding the charges against them and preparing a response to the Complaint. It is clear to the Court that Plaintiff is alleging violations of the ADEA and the PHRA against both Defendants; consequently, because it would not promote clarity, it is unnecessary for Plaintiff to separate her complaint into two separate counts.

Moreover, Plaintiff claims that she believes both Defendants to be the same entity and therefore that both were her employer. At this stage in the litigation it would be nearly impossible for Plaintiff to understand the complex corporate structure of the Defendants' businesses. As such, she was correct to treat Defendants as if they were both similarly responsible for the facts alleged.

Accordingly, Defendants' motion for a more definite statement under Rule 12(e) is denied.

### III.  CONCLUSION:

Defendants' Motion to Dismiss will be granted and Plaintiff's Complaint dismissed without prejudice, with leave for Plaintiff to amend her complaint to plead her exhaustion of administrative remedies under the ADEA and PHRA, as well as her qualification for the Box Officer Manager position under the ADEA.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge