IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIANNA DANIELSEN, | : | 4:13-CV-02927 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | |
| PENNSYLVANIA COLLEGE OF TECHNOLOGY, COMMUNITY ARTS CENTER, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
October 9, 2014

## I. BACKGROUND

Plaintiff was employed by Defendants as a box office manager for more than five years. On November 21, 2011, Plaintiff consulted with an attorney at the McCormick Law Firm, J. David Smith, Esquire (hereinafter, "Attorney Smith"), to discuss legal representation regarding certain issues she was having with her employer at the time. Subsequently, there was no further contact between Plaintiff and Attorney Smith or any other attorney at the McCormick Law Firm. The parties dispute whether an attorney-client relationship was formed as a result of this one consultation and whether Attorney Smith obtained any confidential and disqualifying information from Plaintiff regarding either herself or the case at bar.

At the time of the consultation, Defendants were not clients of the McCormick Law Firm; they did not become so until May 2012.

Plaintiff was terminated from her job on February 14, 2012, and initiated the instant litigation by filing a Complaint with this Court on December 4, 2013, alleging age discrimination under the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act. (ECF No. 1).  On February 6, 2014, Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12. (ECF No. 9).  On February 21, 2014, Plaintiff filed the a Motion to Disqualify Defense Counsel on the basis of the prior consultation between Plaintiff and Attorney Smith from November 21, 2011 and requested that the Court stay the proceedings pending the resolution of that motion. (ECF No. 11).  This matter is now ripe for disposition.

## II. DISCUSSION
### A. Legal Standard

"Supervision of the professional conduct of attorneys practicing in federal court is a matter of federal law." *United States v. Miller*, 624 F.2d 1198. 1200 (3d Cir. 1980).  However, "[s]tate precedents as to professional responsibility should be consulted when they are compatible with federal law and policy." *Century Indem. Co. v. Congoleum Corp.*, 436 F.3d 675, 687 (3d Cir. 2005) (*quoting Grievance Comm. for S. Dist. of N.Y. v. Simmels*, 48 F.3d 640, 645 (2d Cir. 1995)).

This Court has adopted the Pennsylvania Rules of Professional Conduct. L.R. 83.23.2.  In its discretion, the district court can determine to disqualify an attorney when it determines that disqualification is an appropriate means of enforcing the applicable disciplinary rule. *See Townsend v. M&T Morg. Corp.*, No. 3:09cv1866, 2010 WL 503076, at *1 (M.D.Pa. Feb. 8, 2010) (Munley, J.) (*quoting Miller*, 624 F.2d at 1201).

Rule of Professional Conduct 1.9 governs the relationship and responsibilities of an attorney to a former client.  This rule provides, in pertinent part, "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Pa. R. P. C. 1.9(a).  Rule 1.9 applies only after the termination of a client-lawyer relationship. Pa. R. P. C. 1.9 cmt. [1].

Rule 1.18, on the other hand, governs the responsibilities of an attorney towards a prospective client, one who consulted with the attorney but ultimately formed no attorney-client relationship.  This rule states that a lawyer "shall not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter." Pa. R. P. C. 1.18(c).  Furthermore, if

a lawyer is disqualified from representation under (c), the lawyer's entire firm is disqualified from representation. *Id.*

However, even when a lawyer is disqualified under Rule 1.18(c), representation by the disqualified lawyer's firm is still possible provided that both parties give informed consent to the representation or the lawyer is appropriately screened from the matter. Pa. R. P. C. 1.18(d). Appropriate screening requires that "the disqualified lawyer took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent the prospective client," the lawyer is screened from participation in the case and receives no fee therefrom, and the prospective client receives notice of the conflict and the screening procedures taken by the law firm. Pa. R. P. C. 1.18(d)(2).

**B. Analysis**

In this case, Plaintiff claims that she is a former client of the McCormick Law Firm and the situation should be governed by Rule 1.9 of the Rules of Professional Conduct, while Defendants claim that Plaintiff was merely a prospective client of the firm and therefore the situation should be governed by Rule 1.18 of the Rules of Professional Conduct. Because Plaintiff merely consulted with an attorney at the McCormick Law Firm on only one occasion on

November 21, 2011 and there was no further interaction between Plaintiff and the law firm, it is clear to this Court that no lawyer-client relationship was ever formed. Plaintiff has provided no information to the contrary, other than the bald assertion that "once the conversation between Plaintiff and Attorney Smith moved beyond the basic information needed by Attorney Smith to determine if he had a conflict and included discussions of the merits of the case, Plaintiff became a client of the firm." (ECF No. 13).

However, an initial consultation with a prospective client is not limited to the determination of a conflict, but rather extends to any information necessary to determine if both parties desire to form an attorney-client relationship. Pa. R. P. C. 1.18 cmt. [3]. After the consultation, Attorney Smith determined that there was no need for representation based on the information he had acquired; therefore, no attorney-client relationship was ever formed and Plaintiff remained a prospective client of the firm. (Smith Affidavit, ¶ 19-20). Accordingly, the current situation will be governed by Rule 1.18.

Plaintiff and Defendant debate whether Attorney Smith received any information which would be harmful to Plaintiff's current case. However, even assuming that Attorney Smith did receive significantly harmful information about Plaintiff or her case, Rule 1.18(d) provides that representation by the lawyer or his

5

firm is still permissible as long as the screening criteria set forth in the rule are satisfied.

In this case, Plaintiff has not given informed consent in writing to the McCormick Firm's representation of the Defendants. However, under 1.18(d)(2), Attorney Smith took reasonable measures to avoid exposure to more disqualifying information than was reasonably necessary to determine whether to represent Plaintiff. (Smith Affidavit, ¶ 15-19). In addition, Attorney Smith has been screened from any participation in this matter and is apportioned no part of the fee therefrom. (*Id.*, ¶ 28). Specifically, he is not permitted to communicate with any attorney or staff member regarding this case and has no access to the case file. (*Id.*, ¶ 30-32).

Plaintiff has provided no indication that Attorney Smith was not properly screened in the way that Defendants claim. Moreover, Plaintiff was provided with written notice through her counsel of record of the procedures used to screen Attorney Smith from the instant litigation. Therefore, representation of Defendants by the McCormick Law Firm is proper.

## III. CONCLUSION

Plaintiff's Motion to Disqualify Counsel will be denied and dismissed.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge