IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIANNA DANIELSEN, | : | 4:13-CV-02927 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | |
| PENNSYLVANIA COLLEGE OF | : | |
| TECHNOLOGY, COMMUNITY | : | |
| ARTS CENTER, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
January 28, 2015

Before the Court for disposition is Defendants' Motion to Dismiss Plaintiff's

Second Amended Complaint. (ECF No. 20).  For the following reasons,

Defendants' Motion is granted and Plaintiff's Complaint is dismissed without

leave to further amend.

**I.    BACKGROUND**

On December 4, 2013, Plaintiff Marianna Danielsen initiated the above-

captioned civil action by filing a Complaint with this Court alleging that she was

unlawfully discriminated against based on her age. (ECF No. 1).  Plaintiff was

employed by both of the Defendants as a Box Office Manager for more than five

(5) years.[1]  On February 14, 2012, when she was 42 years old, Plaintiff was

terminated from her position by Defendants; at the time, Defendants told her that

her termination was the result of budgetary issues.  Defendants later hired a

younger employee with less experience to fill the vacancy created by Plaintiff's

termination, leading Plaintiff to believe that she was terminated because of her age.


As a result of this adverse employment action, Plaintiff alleges that she lost

wages, the tuition benefit program for her children, and other fringe benefits.

In her original Complaint, Plaintiff asserts two claims against both Defendants.

Count I is a claim of age discrimination in violation of the Age Discrimination in

Employment Act ("ADEA"), and Count II is a claim of age discrimination in

violation of the Pennsylvania Human Relations Act ("PHRA").

On February 6, 2014, Defendants jointly filed a Motion to Dismiss Plaintiff's

Complaint, along with a supporting brief. (ECF Nos. 9 and 10). Defendants argued

first that Plaintiff's Complaint should be dismissed because she failed to plead the

exhaustion of administrative remedies, a prerequisite to filing under both the

ADEA and the PHRA.  Defendants further argued that Plaintiff's Complaint should

---

[1] As discussed in the following sections, Plaintiff takes the position that both Defendants
are in the same entity and therefore she considers both to be her employer.

be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Finally, in the event the Court ruled against their Motion to Dismiss, Defendants moved for a more definite statement under Federal Rule of Civil Procedure 12(e).

In an Order dated October 9, 2014, this Court granted Defendants' Motion to Dismiss. (ECF No. 15).  In support thereof, the Court found that, because Plaintiff had failed to plead the exhaustion of the ADEA and PHRA's administrative remedies, she had failed to meet the jurisdictional requirements necessary to file this claim in federal court.  Furthermore, the Court found that Plaintiff had failed to allege that she was qualified for the position in question.  Because this element is required by both the ADEA and PHRA, the Court held that Plaintiff had failed to state a claim upon which relief can be granted.  The Court denied Defendants' Rule 12(e) Motion for a More Definite Statement by finding that Plaintiff's pleading was not "so vague or ambiguous" as to prevent Defendants from understanding the charges against them.  In its Memorandum, the Court directed Plaintiff to amend her complaint to correct the noted pleading deficiencies.

Plaintiff subsequently filed a Second Amended Complaint on October 28, 2014. (ECF No. 19).  In response, Defendants jointly filed a Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 20).  In a supporting brief filed

on November 19, 2014, Defendants again alleged that Plaintiff's complaint should be dismissed due to its failure to plead an exhaustion of administrative remedies under the ADEA. (ECF No. 21).

## II.   DISCUSSION

### A.   MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).  In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

4

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 663–664.  "In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading."  Hellmann v. Kercher, No. 07–1373, 2008 WL 1969311 at * 3 (W.D.Pa. May 5, 2008) (Lancaster, J.).  Federal Rule of Civil Procedure 8 "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests'."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 554 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief.  See Hellmann, 2008 WL 1969311 at *3.  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  See Twombly, 550

5

U.S. at 561.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and fact-finding." Neitzke v. Williams, 490 U.S. 319, 326–27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

When a plaintiff's complaint is dismissed because of a deficiency under FED. R. CIV. P. 12(b)(6), Rule 15(a) of the Federal Rules of Civil Procedure provides that the court may grant leave to amend the deficiency "when justice so requires."  The court must grant such leave in the absence of "undue delay, bad faith, dilatory motive, unfair prejudice, or futility." Grayson v. Mayview State Hosp., 293 F.3d 103, 107 (3d Cir. 2002)(citing Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).  However, the court also has discretion to deny a plaintiff leave to amend

"where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." Davis v. Abington Memorial Hosp., 765 F.3d 236, 244-45 (3d Cir. 2014)(quoting Krantz v. Prudential Investments Fund Mgmt. LLC, 305 F.3d 140, 144 (3d Cir. 2002)).

B.    ADDITIONAL FACTS ALLEGED IN PLAINTIFF'S SECOND
       AMENDED COMPLAINT

In her Second Amended Complaint, Plaintiff alleged the following additional facts:

"6. At the time of her termination, Plaintiff was qualified for the position of Box Office Manager as Plaintiff worked seven (7) years at a management role in a previous position and had eighteen (18) years of management experience. In addition, Plaintiff was qualified for the position as follows:

A. The Executive Director hired Plaintiff from a previous employer based on her management experience;

B. As a candidate for initial hire, Plaintiff showed confidence, enthusiasm and a professional skill set;

C. The Executive Director promoted Plaintiff after a one-year time period to the position of Box Office Manager due to her management skills;"

(Pl.'s Second Complaint, ECF No. 19).

Furthermore, Plaintiff alleges that she "exhausted her administrative remedies before the Pennsylvania Human Relations Commission as the Defendant refused to

participate in the fact-finding process and Plaintiff was given a Right to Sue letter."
(Pl.'s Second Complaint, ECF No. 19).

    C.    ANALYSIS

Accepting as true all of the additional allegations contained in Plaintiff's
Second Amended Complaint, the Court finds that Plaintiff has nevertheless failed to
plead facts necessary to establish this Court's jurisdiction to hear her ADEA and
PHRA employment discrimination claims.  Although Plaintiff has alleged
additional facts concerning her job qualifications, she once again failed to make the
showing necessary to bring these employment discrimination claims into federal
court.

As previously stated in the Court's prior Memorandum of October 9, 2014, a
plaintiff seeking relief under the ADEA must first exhaust his or her administrative
remedies.  29 U.S.C. § 626(d); see <u>Seredinski v. Clifton Precision Prods. Co., Div.
of Litton Sys., Inc.</u>, 776 F.2d 56, 64 (3d Cir.1985).  Therefore, because
Pennsylvania has a state agency with authority to investigate claims of employment
discrimination, Section 626(d) specifically requires that a plaintiff file charges with
the Equal Employment Opportunity Commission ("EEOC") within 300 days after
the alleged unlawful practice occurred.  29 U.S.C. §§ 626(d)(2) & 633(b); see
<u>Hildebrand v. Allegheny County</u>, 757 F.3d 99, 111 (3d Cir.2014).  This obligation

is a condition precedent to filing suit under the ADEA and must be pled in the plaintiff's complaint. See id. at 111–12. The pleading of a condition precedent to the initiation of a lawsuit is governed by FED. R. CIV. P. 9(c), which states in pertinent part, "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." FED.R.CIV.P. 9(c).

Although this particular passage was included nearly *verbatim* within the Court's Memorandum of October 9, 2014, Plaintiff failed to correct, within her amended complaint, the omission of "sufficient facts" necessary to prove she had exhausted her administrative remedies under the ADEA.[2] Plaintiff failed to make this correction despite the Court's explicit warning that Plaintiff was "conspicuously silent regarding the steps she has taken pursuant to the administrative requirements of the ADEA." Because Plaintiff failed to make this threshold showing required by the ADEA, the Court does not have jurisdiction to adjudicate claims brought under this Act. The Court also does not have supplemental jurisdiction, under 28 U.S.C. § 1367, to adjudicate the adequately pled state employment discrimination claims.

Because Plaintiff's failure to correct her pleading is subsequent to prior court

---

[2] The Court does note that the Plaintiff did allege facts tending to show that she had exhausted her administrative remedies before the Pennsylvania Human Relations Commission.

direction, the Court finds that plaintiff had "notice" as to the legal deficiencies of her complaint.  In light of the fact that the Plaintiff subsequently chose not to resolve this deficiency, the Court will deny Plaintiff leave to amend its complaint a third time.

## III.   CONCLUSION

Plaintiff's Second Amended Complaint fails to meet the jurisdictional requirements necessary to file an ADEA claim in this Court.  Correspondingly, Defendants' Motion to Dismiss will be granted.  No further opportunity is granted to the Plaintiff to further amend her complaint.

BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge